STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. MARTINES MOE, DEFENDANT-APPELLANT.

Argued October 10, 1967—Decided November 20, 1967.

*Mr. Richard S. Rebeck* for defendant-appellant.

*Mr. David J. Monyek,* Assistant Prosecutor, for plaintiff-respondent (*Mr. Edward J. Dolan,* Middlesex County Prosecutor, attorney; *Mr. Christopher R. Wood,* Legal Assistant, of counsel and on the brief).

PER CURIAM. On January 10, 1966, defendant Martines Moe, along with his wife Barbara Moe and one Daniel Buttcher, pleaded not guilty to indictments charging them with the murder of Barbara Moe's father. Prior to the indictments all defendants had given incriminating statements to the police. On April 18, 1966, the defendants requested permission to withdraw their earlier pleas and enter pleas of *non vult.* The court granted the requests and set June 6 for the sentencing of the three defendants. Barbara Moe and Buttcher were sentenced on that date and are now serving prison terms. Sentencing in Martines Moe's case was adjourned.

On June 13, 1966, the decision of the United States Supreme Court in *Miranda v. State of Arizona,* 384 *U. S.* 436, 86 *L. Ed.* 1602, 16 *L. Ed. 2d* 694 (1966) was announced. Thereafter, Martines Moe, who had not yet been sentenced, moved to withdraw his plea of *non vult* in order to take advantage of the rules regarding confessions formulated in *Miranda.* The basis for this motion was that the plea was entered in reliance on pre-*Miranda* law and that, because Moe's counsel did not anticipate the broad exclusionary rules of *Miranda,* the plea was based on erroneous legal advice. Moe's motion was denied by the trial court on the

ground that the plea of *non vult* was entered before the effective date of *Miranda*, June 13, 1966, and therefore defendant had no rights under that case, citing *Johnson v. State of New Jersey*, 384 *U. S.* 719, 86 *S. Ct.* 1772, 16 *L. Ed. 2d* 882 (1966). On July 11, 1966, Moe was sentenced to life imprisonment. He appeals to this Court. *R. R.* 1:2–1(c).

The only ground urged by Moe as a reason for withdrawing his plea of *non vult* is that he would not have so pleaded but would have gone to trial and challenged the admissibility of his confession under *Miranda* had he known how that case would be decided.

██ We agree with the trial court's conclusion that Moe had no right to withdraw his plea of *non vult*. *Miranda* created no new rights for a defendant whose guilt had been established before the date of that decision by his voluntary plea of *non vult*. See *State v. Pometti*, 12 *N. J.* 446, *pp.* 452–453 (1953). The reasoning of *Johnson v. State of New Jersey, supra,* which holds that *Miranda* does not apply where guilt has been established by a trial before June 13, 1966, is equally applicable where guilt has been established by a plea entered before that date.

██ We further conclude that the trial court properly exercised its discretion in denying Moe's motion for a change of plea. See *State v. Herman*, 47 *N. J.* 73 (1966); *State v. Deutsch*, 34 *N. J.* 190 (1961); *R. R.* 3:7–10. The record clearly discloses that the defendant, after conferring with experienced counsel, was fully aware of his rights under the law existing on the date that the trial court accepted his plea of *non vult* and that the plea was voluntarily entered. Moe does not contend that the confession in any way was coerced nor does he challenge its veracity. At no time does he deny his complicity in the murder as described in his confession. See *Deutsch, supra*, at *p.* 198. Moe argues, however, that his confession shows that he was drinking on the date of the crime and therefore if he had gone to trial a jury might have found that his drinking

rendered him incapable of the premeditation requisite to a verdict of first degree murder. This argument presents no reason for permitting the withdrawal of the plea. Defendant and his counsel were fully aware of the possibility of raising intoxication as a mitigating factor at the time of the plea and, because the story given by Moe in his confession is in no way incompatible with his alleged intoxication, the existence of the confession could have had no influence on their decision not to rely upon defendant's alleged drunkenness. The trial court correctly declined to reopen the case to permit the defendant, who never has denied his role in the murder, to take advantage of a purely prophylactic rule which expressly was intended to operate *in futuro*.

Affirmed.

*For affirmance*—Chie. Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, GOLDMANN, SCHETTINO and HANEMAN—7.

*For Reversal*—None.